UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MANUEL A. RODRIGUEZ,                                    COMPLAINT

                                        Plaintiff,
                                                        Case No. 22 CV 7958
            -against-

UNITED STATES OF AMERICA; U.S. DRUG                     JURY TRIAL DEMANDED
ENFORCEMENT ADMINSTRATION; WILLIAM A.
GOMEZ; and EAN HOLDINGS, LLC,

                                        Defendants.
-------------------------------------------------------------------X

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the negligence of the herein

Defendants resulting in personal injuries to the herein Plaintiff.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this dispute because this Complaint seeks damages in

excess of $75,000.00 dollars, exclusive of interest and attorneys' fees.

3.     The various negligent acts set forth in the instant Complaint occurred in the State of

New York, County of Bronx.

4.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1332, 1346(b) and

1367(a).

5.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b), (c) and (e).

6.     New York State Governor Andrew Cuomo effected Executive Order Nos. 202 on

March 7, 2020; 202.8 on March 20, 2022; 202.14 on April 7, 2020; 202.28 on May 7, 2020; 202.38

on June 6, 2020; 202.48 on July 6, 2020; 202.55 on August 5, 2020; 202.60 on September 4, 2020;

202.67 on October 5, 2020; and 202.72 on November 3, 2020, thereby tolling the applicable statutes

of limitations in New York State and excluding the time period of the toll(s) from March 7, 2020 to

November 4, 2020 from the calculation of the respective applicable statute of limitations periods.

7.     This action falls within one or more of the exemptions set forth in N.Y. Civ. Proc. L.

& R. § 1602.

## JURY DEMAND

8.     Plaintiff demands a trial by jury in this action to the extent not prohibited under

federal law.

## NOTICE OF CLAIM

9.     On September 18, 2020, a Notice of Claim respective to the claims underlying the

instant Complaint was filed with Defendant U.S. Drug Enforcement Administration ("USDEA") in

compliance with the Federal Tort Claims Act and 28 U.S.C. § 2675.

10.     Defendant USDHHS has failed to make final disposition of said claim within six

months after its filing.

11.     Said failure constitutes a denial of the claim under 28 U.S.C. § 2675(a).

12.     The instant Complaint seeks monetary compensation in the amount of $1,500,000.00

as is consistent with the aforementioned filed Notice of Claim.

## PARTIES

13.     Plaintiff Manuel A. Rodriguez ("Mr. Rodriguez") is and was a resident of the County

of Bronx, State of New York.

14.     Defendant USDEA is and was a federal department, agency, and/or organization of

and/or organized under the laws of the United States of America.

15.     At all times relevant herein, Defendant William A. Gomez ("Gomez") was an

employee and/or agent of Defendant USDEA.

16.     At all times relevant herein, Defendant Gomez was acting within the scope of his employment with Defendant USDEA.

17.     At all times relevant herein, Defendant Gomez was a resident of the County of Orange, State of New York.

18.     Defendant Gomez is sued in his individual and official capacities.

19.     Defendant EAN Holdings, LLC ("EAN") is and was a foreign limited liability company authorized to do business in the State of New York.

20.     Defendant, EAN, is a foreign limited liability company transacting business in the State of New York.

21.     Defendant, EAN, does and/or solicits business within the State of New York.

22.     Defendant, EAN, derives substantial revenues from goods used or consumed or services rendered in the State of New York.

23.     At all times relevant herein, Defendant EAN maintained its principal place of business in Tulsa, Oklahoma.

24.     The privileges set forth in New York Vehicle and Traffic Law § 1104 do not apply to this action.

25.     The limitations on liability set forth in New York CPLR Section 1601 do not apply to this action.

26.     The limitations on liability set forth in New York CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in New York CPLR Section 1602, including, but not limited to, Sections 1602(2)(iv), 1602(4), 1602(7) and 1602(8).

STATEMENT OF FACTS

27.     On or about January 30, 2019, Mr. Rodriguez was the operator of a 2015 Toyota motor vehicle bearing New York license plate number T663494C ("motor vehicle number one") at or near the intersection of West 170th Street and Plimpton Avenue in Bronx, New York ("the Location of Collision").

28.     On or about January 30, 2019, Defendant Gomez was the operator of a 2019 Volkswagen motor vehicle bearing New York license plate number HPD3767 ("motor vehicle number two") at or near the Location of Collision.

29.     At all times relevant herein, Defendant EAN had an ownership interest in motor vehicle number two.

30.     At all times relevant herein, Defendant EAN was the registrant of motor vehicle number two.

31.     At all times relevant herein, Defendant EAN managed motor vehicle number two.

32.     At all times relevant herein, Defendant EAN maintained motor vehicle number two.

33.     At all times relevant herein, Defendant EAN controlled motor vehicle number two.

34.     At all times relevant herein, Defendant EAN inspected motor vehicle number two.

35.     At all times relevant herein, Defendant EAN repaired motor vehicle number two.

36.     At all times relevant herein, Defendant EAN leased motor vehicle number two.

37.     At all times relevant herein, Defendant Gomez was the lessee of motor vehicle number two.

38.     At all times relevant herein, Defendant USDEA was the lessee of motor vehicle number two.

39.     At all times relevant herein, Defendant USDEA was the owner of motor vehicle number two.

40.     At all times relevant herein, Defendant Gomez drove motor vehicle number two with permission.

41.     At all times relevant herein, Defendant Gomez drove motor vehicle number two with the express permission of a person or entity authorized to give such permission.

42.     At all times relevant herein, Defendant Gomez drove motor vehicle number two with implied consent.

43.     At all times relevant herein, an agent and/or employee of Defendant USDEA drove motor vehicle number two with permission.

44.     At all times relevant herein, an agent and/or employee of Defendant USDEA drove motor vehicle number two with the express permission of a person or entity authorized to give such permission.

45.     At all times relevant herein, an agent and/or employee of Defendant USDEA drove motor vehicle number two with implied consent.

46.     At all times relevant herein, Defendant Gomez was acting within the scope of his duties as an agent and/or employee of Defendant USDEA.

47.     At all times relevant herein, Defendant Gomez was acting in furtherance of his employ with Defendant USDEA.

48.     On or about January 30, 2019, motor vehicle number two came into contact with motor vehicle number one ("the aforesaid contact") at or near the Location of Collision.

49.     At all times relevant herein, Defendant Gomez was not involved in an emergency operation.

50.     At and around the time of the aforesaid contact, no bell, horn, siren, electronic device and/or exhaust whistle was utilized and/or engaged on motor vehicle number two.

51.     At and around the time of the aforesaid contact, no lights and/or lighted lamps were utilized and/or engaged on motor vehicle number two.

52.     As a result of the aforesaid contact, Mr. Rodriguez was injured at or near the Location of Collision.

53.     As a result of the aforesaid contact, Mr. Rodriguez was seriously injured at or near the Location of Collision.

54.     As a result of the aforesaid contact, Mr. Rodriguez sustained a "serious" injury as such term is defined in Section 5102 of the Insurance Law of the State of New York, and being a covered person claiming against a covered person, is entitled to recover for non-economic loss, including pain, suffering, disfigurement and disability.  Moreover, each Plaintiff is entitled to recover for such economic loss as exceeds basic economic loss.

55.     At all times relevant herein, Mr. Rodriguez did not engage in any conduct that contributed to the aforesaid contact.

56.     At all times relevant herein, Mr. Rodriguez did not engage in any conduct that was a substantial factor in causing the aforesaid contact.

57.     At all times relevant herein, any conduct on the part of Mr. Rodriguez that might have contributed to the aforesaid contact was not negligent, reckless, wanton or intentional.

FIRST CAUSE OF ACTION

58.     Mr. Rodriguez repeats, realleges, and reiterates each and every allegation as if fully set forth herein.

59.     At all times relevant herein, Defendant Gomez owed a duty to exercise reasonable care in the ownership, operation and/or use of Vehicle Two to the other individuals on public roadways and his passengers.

60.     Defendant Gomez breached his duty of care to other individuals on the above-described public roadways, and in particular to Mr. Rodriguez, as he was negligent and careless in the ownership, operation and/or use of Vehicle Two.

61.     Defendant Gomez was negligent, *inter alia*, in his failure to operate the subject vehicle in a safe and reasonable manner; failure to operate the subject vehicle in compliance with state and local traffic laws; failure to keep an adequate and proper lookout; failure to stop for vehicles in the road; failure to avoid the collision with Vehicle One; failure to react in a timely manner to avoid the collision with Vehicle One; and other acts of negligence to be determined through discovery.

62.     As a direct, foreseeable, and proximate result of the negligence of Defendant Gomez, Mr. Rodriguez suffered serious injuries that meet the threshold of a "serious" injury as such term is defined in Section 5102 of the Insurance Law of the State of New York and being a covered person claiming against a covered person, is entitled to recover for non-economic loss, including pain, suffering, disfigurement and disability.

63.     As a direct, foreseeable, and proximate result of the negligence of Defendant Gomez, Mr. Rodriguez sustained injuries including, but not limited to: left shoulder internal derangement; left shoulder rotator cuff tear; left shoulder anterior glenoid labral tear; left shoulder bursitis; left shoulder synovitis; left shoulder adhesive capsulitis; left shoulder tear of the proximal biceps; left shoulder supraspinatus tear; left shoulder infraspinatus tear; left shoulder adhesions; left shoulder acromioclavicular joint reaction; left shoulder surgery involving arthroscopy, repair of Bankart tear

using three PushLock suture anchors that were placed in a cartilage defect over the anterior glenoid, tenotomy of the proximal biceps that was released using mechanical instruments, synovectomy utilizing radiofrequency ablation device ArthroCare, debridement of the rotator cuff and proximal bicipital stump, debridement of the supraspinatus and infraspinatus tendons utilizing radiofrequency ablation device ArthroCare, lysis of adhesions with bursectomy and removal of perimetry of the cuff utilizing radiofrequency ablation device ArthroCare, and suturing; cervical strain, sprain, bulges and/or herniations; thoracic strain, sprain, bulges and/or herniations; lumbar strain, sprain, bulges and/or herniations; and other serious injuries to be determined through discovery.

64.     As a further direct and proximate result of the negligence of Defendant Gomez, Mr. Rodriguez has incurred medical expenses for his care and treatment in an effort to alleviate and cure his injuries, and will continue to incur additional expenses in the future.

SECOND CAUSE OF ACTION

65.     Mr. Rodriguez repeats, realleges, and reiterates each and every allegation as if fully set forth herein.

66.     At all times relevant herein, Defendant Gomez was operating Vehicle Two with the express permission of Defendant USDEA.

67.     At all times relevant herein, Defendant Gomez was using operating Vehicle Two with the implied permission of Defendant USDEA.

68.     At all times relevant herein, Defendant Gomez operated Vehicle Two while engaging in his duties and/or business for, on behalf of, and at the direction of Defendant USDEA.

69.     At all times relevant herein, Defendant USDEA was in possession, custody and/or control of Vehicle Two.

70.     At all times relevant herein, Defendant USDEA owed a duty to exercise reasonable care in the ownership, entrustment, maintenance, operation, and/or use of Vehicle Two for the benefit of other individuals on public roadways and its passengers.

71.     Defendant USDEA breached its duty of care to other individuals on the above-described public roadways, and in particular to Mr. Rodriguez, as it was negligent and careless in the ownership, maintenance, entrustment, operation, and/or use of Vehicle Two.

72.     Defendant USDEA was negligent directly and/or through the conduct of Defendant Gomez, and under the doctrine of *respondeat superior*.

73.     Defendant USDEA was additionally negligent in, *inter alia*, its negligent maintenance of Vehicle Two, negligent entrustment of Vehicle Two to Defendant Gomez, negligent hiring and/or retention of Defendant Gomez, and other acts of negligence to be determined through discovery.

74.     As a direct, foreseeable, and proximate result of the negligence of Defendant USDEA, Mr. Rodriguez suffered serious injuries that meet the threshold of a "serious" injury as such term is defined in Section 5102 of the Insurance Law of the State of New York and being a covered person claiming against a covered person, is entitled to recover for non-economic loss, including pain, suffering, disfigurement and disability.

75.     As a direct, foreseeable, and proximate result of the negligence of Defendant USDEA, Mr. Rodriguez sustained injuries including, but not limited to: left shoulder internal derangement; left shoulder rotator cuff tear; left shoulder anterior glenoid labral tear; left shoulder bursitis; left shoulder synovitis; left shoulder adhesive capsulitis; left shoulder tear of the proximal biceps; left shoulder supraspinatus tear; left shoulder infraspinatus tear; left shoulder adhesions; left shoulder acromioclavicular joint reaction; left shoulder surgery involving arthroscopy, repair of Bankart tear using three PushLock suture anchors that were placed in a cartilage defect over the

anterior glenoid, tenotomy of the proximal biceps that was released using mechanical instruments, synovectomy utilizing radiofrequency ablation device ArthroCare, debridement of the rotator cuff and proximal bicipital stump, debridement of the supraspinatus and infraspinatus tendons utilizing radiofrequency ablation device ArthroCare, lysis of adhesions with bursectomy and removal of perimetry of the cuff utilizing radiofrequency ablation device ArthroCare, and suturing; cervical strain, sprain, bulges and/or herniations; thoracic strain, sprain, bulges and/or herniations; lumbar strain, sprain, bulges and/or herniations; and other serious injuries to be determined through discovery.

76.     As a further direct and proximate result of the negligence of Defendant USDEA, Mr. Rodriguez has incurred medical expenses for her care and treatment in an effort to alleviate and cure her injuries, and will continue to incur additional expenses in the future.

THIRD CAUSE OF ACTION

77.     Mr. Rodriguez repeats, realleges, and reiterates each and every allegation as if fully set forth herein.

78.     At all times relevant herein, Defendant Gomez was operating Vehicle Two with the express permission of Defendant EAN.

79.     At all times relevant herein, Defendant Gomez was using operating Vehicle Two with the implied permission of Defendant EAN.

80.     At all times relevant herein, Defendant EAN was in possession, custody and/or control of Vehicle Two.

81.     At all times relevant herein, Defendant EAN owed a duty to exercise reasonable care in the ownership, entrustment, maintenance, operation, and/or use of Vehicle Two for the benefit of other individuals on public roadways and its passengers.

82.     Defendant EAN breached its duty of care to other individuals on the above-described public roadways, and in particular to Mr. Rodriguez, as it was negligent and careless in the ownership, maintenance, entrustment, operation, and/or use of Vehicle Two.

83.     Defendant EAN was additionally negligent in, *inter alia*, its negligent maintenance of Vehicle Two, negligent entrustment of Vehicle Two to Defendant Gomez, and other acts of negligence to be determined through discovery.

84.     As a direct, foreseeable, and proximate result of the negligence of Defendant EAN, Mr. Rodriguez suffered serious injuries that meet the threshold of a "serious" injury as such term is defined in Section 5102 of the Insurance Law of the State of New York and being a covered person claiming against a covered person, is entitled to recover for non-economic loss, including pain, suffering, disfigurement and disability.

85.     As a direct, foreseeable, and proximate result of the negligence of Defendant EAN, Mr. Rodriguez sustained injuries including, but not limited to: left shoulder internal derangement; left shoulder rotator cuff tear; left shoulder anterior glenoid labral tear; left shoulder bursitis; left shoulder synovitis; left shoulder adhesive capsulitis; left shoulder tear of the proximal biceps; left shoulder supraspinatus tear; left shoulder infraspinatus tear; left shoulder adhesions; left shoulder acromioclavicular joint reaction; left shoulder surgery involving arthroscopy, repair of Bankart tear using three PushLock suture anchors that were placed in a cartilage defect over the anterior glenoid, tenotomy of the proximal biceps that was released using mechanical instruments, synovectomy utilizing radiofrequency ablation device ArthroCare, debridement of the rotator cuff and proximal bicipital stump, debridement of the supraspinatus and infraspinatus tendons utilizing radiofrequency ablation device ArthroCare, lysis of adhesions with bursectomy and removal of perimetry of the cuff utilizing radiofrequency ablation device ArthroCare, and suturing; cervical strain, sprain, bulges

and/or herniations; thoracic strain, sprain, bulges and/or herniations; lumbar strain, sprain, bulges

and/or herniations; and other serious injuries to be determined through discovery.

86.     As a further direct and proximate result of the negligence of Defendant EAN,

Mr. Rodriguez has incurred medical expenses for her care and treatment in an effort to alleviate and

cure her injuries, and will continue to incur additional expenses in the future.

87.     This action falls within one or more of the exemptions from and/or exceptions to 49

U.S.C. § 30106.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Manuel A. Rodriguez respectfully requests judgment against

Defendants as follows:

(a)     Compensatory damages against all defendants, jointly and severally;

(b)     Reasonable attorneys' fees, costs and interest; and

(c)     Such other and further relief as this Court deems just and proper.

DATED:  New York, New York
        September 16, 2022

Yours, etc.,

_____
Nicholas Dell'Anno, Esq. (ND7555)
Dell'Anno Law PLLC
*Attorneys for Plaintiff*
*Manuel A. Rodriguez*
11 Broadway, Suite 615
New York, NY  10004
(646) 849-1700

Case No. 22 CV 7958

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANUEL A. RODRIGUEZ,

Plaintiff,

-against-

UNITED STATES OF AMERICA; U.S. DRUG ENFORCEMENT ADMINSTRATION;
WILLIAM A. GOMEZ; and EAN HOLDINGS, LLC,

Defendants.

COMPLAINT

# DELL'ANNO LAW PLLC

11 Broadway, Suite 615
New York, NY 10004
(646) 849-1700